JOSEPH S. BORGENSKI, DEFENDANT IN ERROR, v. DELANEY COMPANY, PLAINTIFF IN ERROR.

Submitted December 11, 1911—Decided March 14, 1912.

A judgment will not be reversed because of the exclusion of evidence which is competent, when offered, but which is rendered immaterial by the finding of the jury upon the cardinal point in issue between the parties.

On error to Atlantic Circuit Court.

For the plaintiff in error, *Garrison & Voorhees.*

For the defendant in error, *Clarence L. Goldenberg.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The plaintiff below entered into an oral contract with the defendant for the decoration of the upper portion of the latter's café in Atlantic City with artificial grape vines, leaves and bunches of grapes.   About the time these decorations were completed the leaves caught fire from an electric light wire.   The fire not only consumed the decorations, but did considerable damage to other parts of the café.   The present suit is brought to recover the contract price for the decorations.   The ground upon which the defendant below sought to justify its refusal to pay the plaintiff's claim was that the contract between them required the plaintiff to use non-combustible materials for the decorations, and that this had not been done.   The defendant further claimed that it was entitled to recoup the damages sustained by it in the partial destruction of its café, because such damages were the direct result of the failure of the plaintiff to furnish fire-proof materials.   The plaintiff denied that he had contracted that the decorations should be non-combustible, and asserted that the defendant intentionally selected materials which it knew to be inflammable, because of their more attractive appearance.   Both parties submitted testimony in support of their respective claims as to what was the character of the materials contracted for.   The defendant, under its claim of recoupment, sought to prove the amount of the loss sustained by it through the fire, but testimony upon this latter point was excluded by the trial court.   When the case was rested the court charged the jury in substance that if it found there was no agreement by the plaintiff that the decorations should be non-inflammable, he was entitled to be paid the full amount of his claim, unless they should find that some parts of the decorations had not been furnished; but if they should find that the plaintiff contracted to use fire-proof materials, and the defendant's president and manager thought that the materials used were of that character, then their verdict should be for the defendant.

The only one of the errors assigned which is relied upon as a ground for reversing the judgment under review is the

exclusion by the trial court of evidence offered by the defendant under its asserted right of recoupment. We do not find it necessary, in deciding the case before us, to pass upon the propriety of the ruling complained of. The cardinal point in controversy between the parties was whether or not the plaintiff had contracted to furnish materials which were not combustible, in the decoration of the defendant's café. The right of the defendant to recoup (if such right existed) depended upon the obligation of the plaintiff to furnish noninflammable materials. The court, as has already been stated, instructed the jury that they could not render a verdict in favor of the plaintiff unless they found that he had not contracted to furnish materials of that character. The verdict, therefore, necessarily negatived the existence of any such obligation upon his part, and testimony bearing upon the *extent* of the defendant's right to recoup, even if competent when offered, became immediately immaterial in view of the jury's finding. This being so the ruling complained of, even if erroneous, furnishes no ground for reversal. *Schenck* v. *Griffin*, 9 *Vroom* 467.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.